## COMMISSIONER OF INTERNAL REVENUE v. HUGHES TOOL CO.
### No. 11659.

Circuit Court of Appeals, Fifth Circuit.
March 14, 1947.

A. M. Sellers and Morton K. Rothschild, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

---

J. L. Lockett and T. A. Slack, both of Houston, Tex., for respondent.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

When this case was here before, it was held that the taxpayer was entitled to the credits claimed under Section 26(c), 26 U.S.C.A. Int.Rev.Code, § 26(c). The dissenting judge was of opinion that Section 26(c) provided an exemption "such as must be strictly construed against the taxpayer claiming the benefits thereof." He thought that a surviving corporation should not also receive "special tax benefits conferred upon the extinguished corporation by Section 26(c) (1)." Hughes Tool Co. v. Commissioner, 5 Cir., 147 F.2d 967. Certiorari was not applied for, and the judgment of the court became final.

The majority of the court as now constituted does not agree with the holdings of the original opinion, but since that judgment became a final one, we are not now at liberty to reopen the case and redetermine the very issues previously decided,[1] especially since the Supreme Court may now grant certiorari if it sees fit.

The Tax Court redetermined taxpayer's liability in strict accordance with this court's opinion and mandate and we must, therefore, concur in the affirmance of its decision.

Affirmed.

WALLER, Circuit Judge (concurring in the result).

I concur in the result but cannot concur in the opinion in one of its aspects.

On the former appearance of this case (5 Cir., 147 F.2d 967) a majority of the Court agreed that the successor, or transferee, corporation was entitled to the dividends paid credit to the same extent as if it had been a party to the making of the contract restricting the payment of dividends, but on the present appeal that issue was not again raised. The Appellant, as well as the Tax Court, has accepted the prior decision as the law of the case as to all things then decided.

The present majority now frankly states that "we are not now at liberty to reopen the case and redetermine the very issues previously decided," but it seems in the meanwhile inadvertently to redetermine the issue by stating that "The majority of the court as now constituted does not agree with the holdings of the original opinion."

In the light of the concession that we are not now at liberty to redetermine the issues, and the further fact that the chief issue of the former appeal is not again presented nor argued in the present appeal,[2] it seems to me that the statement as to the disagreement of the present majority with the holdings of the former opinion is not necessary to the decision and renders it impossible for the bench and bar to ascertain what the law, in the Fifth Circuit, is in such cases.

In the two opinions in this case the four judges who have participated now stand two for and two against the ruling announced in the first opinion. The bench and bar ought not to be placed in the position of having to conclude that what the law is in this Circuit will depend upon which judges hear the appeal.

---

[1] Cf. Thornton v. Carter, 8 Cir., 109 F.2d 316.

[2] The brief of the Commissioner makes the following statements:

"The only controversy on this appeal is what credit, if any, in excess of $100,000 in 1936 and $400,000 in 1937 should be allowed the taxpayer under Section 26 (c) (1)." (Brief, page 8.) This statement is repeated on page 11 of Commissioner's brief.)

"The decision of the Tax Court is wrong to the extent that it allows the taxpayer credits in excess of $100,000 for 1936 and $400,000 for 1937, and should therefore be reversed." (Brief, page 17.)