## MAYTAG v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4134.

United States Court of Appeals
Tenth Circuit.

March 21, 1951.

Stephen H. Hart and Claude M. Maer, Jr., Denver, Colo. (Ralph L. Read, Des Moines, Iowa, was with them on the brief), for petitioner.

Helen Goodner, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack and Francis W. Sams, Sp. Assts. to the Atty. Gen. were with her on the brief), for respondent.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding is here on petition to review a decision of the Tax Court relating to the liability of Lewis B. Maytag, hereinafter referred to as the taxpayer, for gift tax for the calendar year 1944. On March 8, 1944, the taxpayer created four trusts, one for the benefit of each of his four children. On that day he transferred to each trust 25,000 shares of the common stock of The Maytag Company; and on March 16, 1944, he transferred to each trust 10,000 shares of cumulative preference stock of the company. All of the transfers were made as gifts. In his gift tax return, the taxpayer reported the four gifts totalling 100,000 shares of common stock at a total value of $390,000, and the four gifts totalling 40,000 shares of preference stock at a total value of $1,048,000. The Commissioner of Internal Revenue determined that the value of each of the four gifts of 25,000 shares of common stock was $121,875, or a total of $487,500; and that the value of each of the four gifts of 10,000 shares of preference stock was $335,000, or a total of $1,340,000. A resulting deficiency in gift tax was imposed. In the statement which accompanied the letter advising the taxpayer that the deficiency had been determined, the Commissioner explained that the shares were included at a value equal to the means of the high and low sales prices on the New York Stock Exchange on the dates of the respective

gifts. The Tax Court sustained the deficiency in tax, and the taxpayer appealed.

The taxpayer calls our attention to the scope of review allowable in a proceeding of this kind. Section 36 of the Act approved June 25, 1948, 62 Stat. 869, 991, 26 U.S.C.A. § 1141(a), in presently pertinent part provides in effect that the court of appeals shall have exclusive jurisdiction to review decisions of the Tax Court in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury. Since that statutory provision became effective, findings of fact made by the Tax Court are not to be disturbed on review unless they are clearly erroneous, due regard being had for the opportunity of the court to observe the witnesses while testifying, to appraise their credibility, and to determine the weight to be given to their testimony. But the findings must be treated as clearly erroneous if based upon substantial error in the proceeding, if unsupported by any substantial evidence, if contrary to the clear weight of all the evidence, or if supported by evidence but the court of appeals in reviewing the entire evidence entertains the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Grace Bros. v. Commissioner, 9 Cir., 173 F.2d 170.

The taxpayer also directs our attention to the rule that the question of the proper criteria or criterion to be employed in determining the market value of property transferred as a gift is a question of law reviewable in the court of appeals. The criteria or criterion to be employed in a proceeding of this kind in determining the value of gifts is a question of law, and if it appears on review that the Tax Court employed the wrong or insufficient criteria or criterion in arriving at its determination of value to the prejudice of the taxpayer, the decision will be reversed and the proceeding remanded to that court. Powers v. Commissioner, 312 U.S. 259, 61 S.Ct. 509, 85 L.Ed. 817; Helvering v. Maytag, 8 Cir., 125 F.2d 55; Zanuck v. Commissioner, 9 Cir., 149 F.2d 714, 160 A.L.R.

661. But in order to warrant reversal of a decision of that kind it must appear that the error was prejudicial to the complainant on review. Even though the decision was based upon an erroneous rule of law, it will not be reversed if the findings of fact, governed by the correct rule of law, were sufficient to sustain the decision and had adequate support in the evidence. Helvering v. Rankin, 295 U.S. 123, 55 S. Ct. 732, 79 L.Ed. 1343; Clinton Cotton Mills v. Commissioner, 4 Cir., 78 F.2d 292.

The taxpayer challenges the action of the Tax Court in stating that each gift of stock must be valued separately for the purpose of computing the gift tax, and in finding separately the value of each gift. He urges the contention that the gifts should have been valued in the aggregate. Section 1000(a) of the Internal Revenue Code, 26 U.S.C.A. § 1000(a), imposes a tax for the year 1940 and each calendar year thereafter upon the transfer of property by gift, computed as provided in section 1001. Under the terms of section 1001, the tax must be computed on the aggregate sum of the net gifts in accordance with the rate schedule therein set forth. Subsection (a) of section 1003 provides that the term "net gifts" means the total amount of gifts made during the calendar year, less the deductions provided in section 1004; and subsection (b)(3) provides that in the case of gifts made to any person, other than gifts of future interests in property, during the year 1943 or thereafter, the first $3,000 of such gifts to such person shall not, for the purpose of subsection (a), be included in the total amount of gifts made during such year. Section 1004 authorizes certain deductions in computing net gifts for the year 1943 and subsequent calendar years. Section 1005 provides that if a gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift. Section 1008 fixes the time for the payment of the tax. Section 1009 provides that the tax shall be a lien upon all gifts made during the calendar year. It further provides that the lien shall continue for a period of ten years. It further provides that if the tax is not paid when due, the donee of any

gift shall be personally liable for the tax to the extent of the value of such gift. And it also provides that any of the property comprised in the gift which is sold by the donee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien, and that the lien to the extent of the value of the gift shall attach to all of the property of the donee including. after-acquired property, except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth. In Newberry, 39 B.T.A. 1123, it was assumed that the value to be determined was the fair market value of the property of each gift. In Phipps, 43 B.T.A. 1010, it was expressly held that the property constituting each gift should be valued separately. On review, this court took notice of the holding but found it unnecessary to determine the question for the reason that the outcome must be the same whether the transaction be treated as a single gift or thirteen separate gifts. Phipps v. Commissioner, 10 Cir., 127 F. 2d 214. It is conceded by the taxpayer that in Richardson, 2 T.C. 1269, the Tax Court again held that the gifts should be valued separately, and that decision was affirmed on review without discussion of the specific question. Richardson v. Commissioner, 2 Cir., 151 F.2d 102. In Clause, 5 T.C. 647, the court repeated the holding that the value of each of the several gifts should be found separately, and that decision was upheld on review without discussion of the particular question. Clause v. Commissioner, 3 Cir., 154 F.2d 655. The term "net gifts" as used in section 1001 connotes the aggregate of all the gifts made during the calendar year, less the deductions authorized by law; and under the section, the gift tax is computed on the aggregate of the net gifts in accordance with the rate schedule therein set forth. Fixing the value of each gift separately is a necessary prerequisite to its inclusion in the net gifts on which the tax is computed. Fixing the value of each gift separately is necessary in order to arrive at the exclusion of the first $3,000 of such gifts to any one donee, authorized in section 1003(b)(3). And fixing the value of each gift separately is a necessary step precedent to the determination of the maximum personal liability of a donee and the determination of the amount of the lien upon his property under section 1009 for the unpaid deficiency in gift tax, not to exceed the value of the gift to him. Viewing the several provisions of the Internal Revenue Code together as component parts of a harmonious whole, we think it is clear that in a case of this kind where a donor makes gifts of property, for purpose of the gift tax the fair market value of each gift should be separately found.

■ At the same time, we are equally clear in the belief that in a case of this kind where a donor makes gifts of corporate stock the effect of placing on the market all of the stock constituting the several gifts is a factor to be taken into consideration along with other factors in determining the fair market value of the stock constituting each gift. In other words, in fixing the value of the stock constituting each gift separately, one factor to be taken into consideration is whether and to what extent, if any, placing on the market the stock constituting all of the gifts would overtax the market and depress the price below current quotations. That factor is not necessarily determinative or decisive. But it is entitled to appropriate consideration along with all other factors in fixing separately the fair market value of the stock constituting each gift. Cf. Helvering v. Maytag, supra; Groff v. Munford, 2 Cir., 150 F.2d 825; Richardson v. Commissioner, supra. But there is nothing in the record in this proceeding which suggests that the Tax Court in fixing separately the values of the several gifts failed to weigh the effect of placing upon the market the entire stock composing all of the gifts.

■ The taxpayer urges the contention that the Tax Court erroneously predicated its findings of value of the stock constituting the gifts solely upon the means of the stock market on the respective dates of the gifts, and that it failed to take into consideration all of the pertinent evidence in determining the fair market value of

the stock. It was not essential to the effectiveness of the findings of value that the court state with blueprinted exactness in terms of percentage or otherwise the proportional weight it accorded each part or segment of the evidence. Meadow Land & Improvement Co. v. Commissioner, 3 Cir., 124 F.2d 297. And in the absence of an affirmative showing otherwise, it will be presumed that the court did take into consideration all of the evidence relating to the question of value and gave to each part thereof the weight to which it was entitled.

The record fails to indicate persuasively that the findings of value were predicated solely upon the means of the stock market quotations on the respective dates of the gifts, or that the Tax Court failed to take into consideration all of the evidence relating to the value of the stock. The court expressly stated in clear and unequivocal language that it had considered all of the evidence submitted, including that relating to the history of the company, to its assets, to its earnings, to its dividends, to its competition, to its prospects, to the effect of the war, to sales of stock on the New York Stock Exchange on or about the critical dates, to the number of shares of stock, to the types of stock, to the opinions of witnesses for the taxpayer, to the opinions of witnesses for the Commissioner, and to all other relevant evidence. And the court further stated that an effort had been made to give to each part of the evidence the weight to which it was entitled. In view of that carefully delineated statement that all of the relevant evidence had been taken into consideration, in view of the equally positive statement that an effort had been made to give to each part of the evidence the weight to which it was entitled, and in the absence of anything in the record clearly indicating otherwise, it cannot be said on review that the Tax Court in arriving at its conclusion in respect to the value of the stock gave undue weight to the means of the sales of stock on the stock exchange or that the court failed to take into consideration all pertinent evidence relating to the fair market value of the stock.

■ The taxpayer advances the further contention that the means of the stock market quotations on the respective dates of the gifts do not reflect the fair market value of the gifts. The argument in support of the contention is that in each instance the stock constituting the gifts was so large when compared with the amount of like stock currently traded on the stock exchange that the stock constituting the gifts could not have been sold on the market at the quoted prices within a reasonable time, and that therefore the means of the stock market quotations do not reflect the fair market value of the stock for the purpose of computing the gift tax. Sales of small lots of stock on an exchange on which it is listed may not afford a reliable yardstick for fixing the fair market value of large blocks which if disposed of rapidly might overtax the market and depress the price. The capacity of the market to absorb a large offering of a particular stock is a factor for appropriate consideration along with other factors in arriving at the fair market value of such stock at the critical time. Helvering v. Maytag, supra; Groff v. Munford, supra. But the fact that a gift involves a large number of shares compared with the amount of like stock currently sold on the market, standing alone and without more, does not create a presumption that the fair market value of the stock constituting the gift is less than the quotations on the market. Havemeyer v. United States, 59 F.Supp. 537, 103 Ct. Cl. 564.

■ Both parties introduced testimony of expert witnesses in respect to the ability of the market to absorb the stock constituting the gifts, the effect the sale of the stock would have had on the prevailing market quotations, and the price at which the stock could have been sold under judicious practices within a reasonable time after the making of the gifts. No useful purpose would be served in detailing the evidence. It presented a sharp issue for the Tax Court. And although the values fixed by the Tax Court coincided with the means of the high and low quotations on the stock exchange, it does not appear from the record that the court fixed

its values by dogmatic acceptance of the means of the quotations on the two critical dates to the exclusion of other pertinent evidence. There was adequate evidence quite separate and apart from the market quotations to sustain the values as fixed by the court.

The decision is affirmed.