### WARNER v. COMMISSIONER OF INTERNAL REVENUE.

No. 104, Docket 21991.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1951.

Decided Jan. 3, 1952.

———◆———

Arnold M. Grant, New York City, Wolfe R. Charney, New York City, for petitioner.

Charles Oliphant, Theron Lamar Caudle, Department of Justice, Washington, D. C., S. Dee Hanson, Washington, D. C., Ellis N. Slack, Robert N. Anderson, Special Assts. to the Atty. Gen., for respondent.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The sole question presented is whether the fair market value of 15,000 shares of the common stock of Warner Brothers Pictures, Inc., which the petitioner transferred in trust on May 23, 1946 as a gift to one of her daughters and 5000 shares of the same kind of stock which she transferred in the same way as a gift to another daughter was determined by the Tax Court by taking into consideration all of the factors relevant to such a determination.

The petitioner reported the gifts for tax purposes as having a value of $48.00 per share. The Commissioner increased the value to $49.875 per share which was the mean market value on May 23, 1946 as reflected by sales on the New York Stock Exchange on that day. The Tax Court affirmed the determination of the Commissioner.

The principal contention of the petitioner is that the so-called "blockage" rule was not given due effect in the light of the number of shares involved and the condition of the market for the stock on, or about, the gift date. That is, of course, one of the factors to be taken into account but it is only one of them. Richardson v. Commissioner, 2 Cir., 151 F.2d 102. Possible secondary distribution is one of the others. Bull v. Smith, 2 Cir., 119 F.2d 490. This valuation was based upon substantial, though in part conflicting evidence to which the Tax Court apparently gave due weight without disregarding the "blockage" rule. Its determination under such circumstances should not be set aside as clearly erroneous. See, Maytag v. Commissioner, 10 Cir., 187 F.2d 962.

Affirmed.