Wren BOWYER and Jeanne Bowyer, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 6497.

United States Court of Appeals
Tenth Circuit.

Feb. 28, 1961.

Carmon C. Harris for petitioners.

Joseph Kovner, Washington, D. C., for respondent. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, and Harold M. Seidel, Dept. of Justice, Washington, D. C., were on the brief.)

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding is here on review of a decision of the Tax Court, and it presents for determination the income tax liability of Wren Bowyer, hereinafter referred to as the taxpayer, for the year 1953. J. H. Foreman died March 3, 1953. For about eighteen years prior to his death, he owned and published a business directory service in Oklahoma City, Oklahoma. The business consisted of the publishing and selling of an annual city directory and advertising therein. The directory listed city telephone numbers in sequence with corresponding addresses of telephone subscribers, and street and house numbers in sequence with corresponding telephone numbers. The taxpayer assisted Foreman from time to time in connection with the publication of the directory. The taxpayer was about seventeen years of age when he began rendering such assistance. In a letter written in 1945, Foreman expressed the desire that the taxpayer receive the directory service at his death. But the letter lacked testamentary effectiveness. At the death of Foreman, his daughter was the sole beneficiary and became executrix of the estate. Desiring to carry into effect her father's wishes, she executed an instrument assigning the directory business to the taxpayer. The assignment included the "good will, accounts receivable, furniture and fixtures, cuts and printing materials and all personal property connected with the said business." Among the assets assigned were three promissory notes given by a publishing company to Foreman in the total sum of $3,500, plus interest. The publishing company had in 1952 executed a contract with Foreman to print, bind, and deliver the 1953, 1954, and 1955 directories for $5,250 per year. The contract recited the note obligations which the publishing company agreed to pay. The assignment was executed with the understanding between the daughter and the taxpayer that the daughter and the estate would be relieved of any liability in connection with the business and that the taxpayer should pay the state inheritance and federal estate taxes caused by the inclusion of the business as an asset of the estate. Certain signed orders for the 1953 directories were included in the estate at a valuation of $25,660.51, and the taxpayer paid a total of $1,015.67 as his share of the inheritance and estate taxes.

The general manner of conducting the directory business consisted of securing an order for the next year's directory at the time of delivery of the current directory. The price was $25 per copy, payable at the time of delivery. In orders calling for classified listing, the price was $30 or $35. Payment for advertising was made when the directory was complete and delivered. At the time of his death, Foreman had about twelve hundred copies of the 1953 directory approximately eighty-five per cent completed and he had advance orders for about one thousand copies. The taxpayer continued the business as previously conducted.

In the year 1953, the taxpayer received $28,361.52 from the sale of directories for that year together with the advertising therein. In their joint income tax return for that year, the taxpayer and his wife did not report any income from the directory service, but they claimed deductions for expenses of $9,-611.99 in completing the directories for that year. The Commissioner determined that the taxpayer realized net income in 1953 from the directory business in the sum of $17,359.60. He arrived at that amount by determining that the taxpayer received gross income of $28,361.52, and by allowing as deductions the total expenses listed in the return and also the total amount which the taxpayer paid for state inheritance and federal estate taxes on the Foreman estate. On review, the Tax Court held that the taxpayer received the directory service as a gift, except to the extent that he paid state inheritance and federal estate taxes. In fixing the taxpayer's basis and holding that part of the basis should be allocated to the unfinish-

ed directories, the Tax Court accepted the valuation of the entire estate as stated in the inheritance and estate tax returns. The Tax Court determined that $3,000 was a reasonable allocation for the basis of the unfinished directories and allowed that sum as a deduction. The Tax Court also allowed as a deduction $9,611.99 claimed by the taxpayer for expenses. And the Tax Court upheld the determination of the Commissioner that the taxpayer could not deduct the inheritance and estate taxes which he paid.

The taxpayer urges the contention that this court may review, reverse, or modify a finding of fact and a decision of the Tax Court when it is not supported by the evidence. There is no area of doubt respecting the power of this court to reverse or vacate a finding of fact made by the Tax Court if it is not supported by substantial evidence or is plainly erroneous. But it is the function of the Tax Court to make findings of fact, and the burden rests upon the party litigant challenging a finding of fact made by that court to show affirmatively that it is not supported by substantial evidence or is clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Maytag v. Commissioner, 10 Cir., 187 F.2d 962. It is also the function of the Tax Court to draw reasonable inferences from the evidence. Golden Construction Co. v. Commissioner, 10 Cir., 228 F.2d 637. And where the evidence is such that reasonable minded persons may reasonably draw different inferences from the established facts, the inference drawn by the Tax Court will not be overturned on review. Denver & Rio Grande Western Railroad Co. v. Commissioner, 10 Cir., 279 F.2d 368.

The finding of the Tax Court in respect to value, particularly the finding for the allocation of $3,000 of basis to the uncompleted directories, is challenged on the ground that it is not sup-ported by the evidence, is arbitrary, and is speculative. It is said that the taxpayer introduced evidence relating to value; that the Commissioner introduced none unless it be said that by introducing joint exhibits the Commissioner introduced evidence relating to the question; that the taxpayer testified that the value of the unfinished directories at the time of the death of Foreman was $25,000; that the taxpayer further testified that the good will of the business was depreciated almost to the vanishing point shortly after the death of Foreman; that the Tax Court was not justified in fixing any value other than that shown by the evidence; and that there was nothing in the record upon which to base the finding made. No evidence was introduced tending to show the value of the physical assets of the business which included type, lead, cuts, forms, other printing materials, furniture, and fixtures; and none relating to the value of the privilege to use the records of the telephone company in compiling the directories. The Tax Court was not concluded by the testimony given by the taxpayer relating to the value of the unfinished directories or the good will of the business. It was within the range of power of the court to disregard his testimony respecting value and draw its own inferences of value from the facts and circumstances as a whole. Golden Construction Co. v. Commissioner, supra.

In view of the failure of the evidence to show affirmatively a reasonable allocation of basis to the uncompleted directories, it became the duty of the Tax Court to make its own allocation even though it was merely a reasonable approximation. Finley v. Commissioner, 10 Cir., 255 F.2d 128. The Tax Court made the allocation and we are unable to say that it was clearly erroneous.

The decision of the Tax Court is affirmed.