**JAMES PETROLEUM CORPORATION,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

No. 7469.

United States Court of Appeals
Tenth Circuit.

May 6, 1964.

Watson Washburn, New York City, for petitioner.

Harry Marselli, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, and Alan D. Pekelner, Attys., Dept. of Justice, on the brief), for respondent.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Income tax deficiencies were assessed against petitioner by reason of a deduction taken in 1958 in the amount of $139,-200.00 for uncollectible notes held by the petitioner. The notes were given to the corporation in 1933 by a former officer who, in 1927, 1928, and 1929, had embezzled approximately $367,309.52 from the taxpayer-corporation. The taxpayer had previously taken deductions for the total amount of the embezzlement in the three years when the embezzlements took place. Each deduction was in the amount embezzled in each year, 1927, $44,291.88; 1928, $219,751.94; and 1929, $103,265.70. The deductions were too large for petitioner to receive full tax benefit therefrom. The notes were intended to represent the agreed balance to be paid by the former officer as reimbursement. The petitioner did not report these notes as income in 1933, but the notes were referred to in the corporation's balance sheet. Through the years 1933–1957, the taxpayer collected $89,668.44 from the embezzler; of this, $63,000.00 was of the principal due. These collections were re-

ported as part of taxpayer's gross income. Petitioner's attorneys continued to attempt to collect additional amounts. In 1958 the taxpayer held $140,000.00 of the embezzler's unpaid notes.

The taxpayer in its petition asserts that the deducted loss occurred in 1958 because until that time payments had been received, but in 1958 the embezzler could not pay the relatively small amount to settle the claim on the notes. Further he was of such age that his future earning capacity was small. The petitioner further states in its petition that to the extent it did not realize tax benefits for "the loss," it was entitled to claim the remainder of such loss in the "year of final determination," and hence claimed the $139,200.00 loss for 1958. The Tax Court was thus asked to determine that there were no deficiencies resulting from this deduction in 1958.

The Tax Court denied the taxpayer-petitioner relief, and this petition for review was taken. Int.Rev.Code of 1954, §§ 7482 and 7483.

■■ The Tax Court in its opinion (40 T.C. 166) stated: "The question presented here, therefore, requires us to determine whether or not petitioner properly took the deductions in 1927, 1928 and 1929. If the deductions were properly taken in those years petitioner, it seems to us, would not be entitled to the same deduction again in 1958; we know of no law that would permit it." The Tax Court concluded that the deductions in 1927, 1928, and 1929 were proper; however, we are unable to determine from its findings and opinion the basis for this conclusion. There is only the finding of the ultimate fact or conclusion with no other findings to show how such conclusion was reached. There is no statement, and no supporting finding, to show that there was no reasonable prospect of recovery in 1927, 1928, and 1929, the years chosen by the Tax Court, and why this was so. The reasonable prospect of recovery is an ultimate fact to be determined. Whether and when an embezzlement loss occurs is a practical fact to be decided from surrounding cir-

cumstances. Alison v. United States, 344 U.S. 167, 73 S.Ct. 191, 97 L.Ed. 186. There being no supporting findings, we are unable to determine the basis for the decision as we cannot make nor assume findings. Bowyer v. Commissioner, 287 F.2d 787 (10th Cir.).

■ The Tax Court did not need to determine the particular year to be used if petitioner failed in his burden to prove the year claimed in the petition. This court, in Denver & Rio Grande Western R. R. Co. v. Commissioner, 279 F.2d 368, a bad debt case, considered Section 23 (k) of the 1939 Code, and placed the burden on the taxpayer to prove the year when the debt became worthless. Further this court held that the question is whether in fact the debt became worthless, and not whether the creditor thought it to be worthless. This standard should be applied to this case of embezzlement, and to the bad debt aspect of the case.

If it can be assumed from the result that the Tax Court found there was no reasonable prospect of recovery in 1927, 1928, and 1929, the question would be whether there is substantial evidence to support such ultimate facts, but an examination of the record leaves serious doubt whether such evidence exists. The record shows that the taxpayer collected from 1933 to 1957 the gross amount of $89,668.44 of the embezzlement, and this collection must be considered in an objective determination of collectibility. The Tax Court stated that the embezzler's financial condition in 1930 was very poor, and the record clearly shows this, as well as the fact that he was adjudicated a bankrupt. The court mentions these facts; however it instead appears to rely on the fact that the corporation made deductions for the embezzlement loss in 1927, 1928, and 1929 as an indication that there was then no reasonable prospect of recovery of the amounts. The Tax Court says: "Viewing the situation as it existed in 1930 it was reasonable for petitioner to write off the losses. * * *" The record shows in addition to the amounts collected after 1930 that

the embezzler was a relatively young man in 1930, he was an active lawyer representing some well known clients, he was active in politics, and the possibility existed for substantial earnings, but he did have debts.

The record further shows that the taxpayer made the deductions in 1927, 1928, and 1929 in the belief that losses for embezzlement had to be taken in the years the embezzlement took place. The deductions were made with the approval of the revenue agent handling the matter and the Commissioner. The amounts deducted in the several years were the amounts embezzled in each such year. Thus the record shows that the deductions had nothing to do with an evaluation of the prospects for recovery or whether there was in fact a reasonable prospect of recovery. The corporate minutes of taxpayer show vigorous efforts to collect through the years after 1930; thus the fact of deduction cannot be used to indicate a decision by the taxpayer as to recoverability as the Tax Court uses it. It cannot be said that the amount embezzled each year represents the amount for which there is no reasonable prospect of recovery.

The attorney for the Commissioner stated during the hearing that there was no issue of estoppel by reason of the deductions made by taxpayer. The Tax Court opinion however states that the deductions made in 1927, 1928, and 1929 cannot be made again, and it appears that this is based on estoppel. No consideration is given to the benefit taxpayer received from the deductions. The parties stipulated that the amount sought to be deducted in 1958 was a portion of the loss for which no benefit had been received from the prior deductions. There is no question of double benefits for deductions. There are indications that the Tax Court opinion is based on a theory that double deduction would mean that the taxpayer would twice benefit from the deductions, but this cannot be so in view of the stipulation.

■■ The basis for the decision however is not indicated in the findings or the opinion, and this must appear. Wirtz v. Young Electric Sign Co., 315 F.2d 326 (10th Cir.). There is no way for us to determine whether there is "substantial evidence" to support the findings if there are no findings on the specific facts concerned. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. The Internal Revenue Code of 1954, § 7482, states that the Court of Appeals shall review the decisions of the Tax Court in the same manner and to the same extent as the decisions of the District Courts. This requires complete findings of fact to demonstrate the basis for decision. The First Nat'l Bank of Fort Smith, Ark. v. Mattingly, 312 F.2d 603 (10th Cir.); Woods. Construction Co. v. Pool Construction Co., 314 F.2d 405 (10th Cir.); United States v. Horsfall, 270 F.2d 107 (10th Cir.).

The case is remanded for further proceedings.