James Petroleum Corporation v. Commissioner.
James Petroleum Corp. v. Commissioner
Docket No. 91885.
United States Tax Court
T.C. Memo 1965-7; 1965 Tax Ct. Memo LEXIS 323; 24 T.C.M. (CCH) 34; T.C.M. (RIA) 65007; January 18, 1965
*323 On remand of our decision reported in 40 T.C. 166 by the United States Court of Appeals for the Tenth Circuit 331 F. 2d 344) an additional finding of fact is made to the effect that petitioner sustained and is entitled to a bad debt loss which it claims for the year 1958. Watson Washburn, 36 W. 44th St., New York, N. Y. Michael D. Weinberg and Charles S. Casazza, for the respondent. BLACK Memorandum Opinion BLACK, Judge: On June 10, 1963, we entered our decision in this proceeding in which we stated: ORDERED and DECIDED, that there are deficiencies in income tax for the taxable years 1956, 1957, and 1958 in the respective amounts of $736.19, $404.98, and $4,043.29. Our decision was appealed to the United States Court of Appeals for the Tenth Circuit and said appeal came on for hearing at the April 1964 term of the court. After due consideration our decision was remanded, 331 F. 2d 344. The mandate of the court states: On consideration whereof, it is ordered and adjudged by this court that this cause be and the same is hereby remanded to the said The Tax Court of the United States for further proceedings in accordance *324 with the views expressed in the opinion of the court. Following receipt of this mandate the Tax Court, on June 17, 1964, entered an order stating, among other things, as follows: ORDERED, that the above-entitled proceeding is placed on the calendar of the motions session of September 9, 1964, * * * for entry of decision pursuant to the mandate, with leave to the parties to submit computations showing the tax on or before such date, or otherwise move in respect thereto. On June 29, 1964, petitioner filed a motion reading as follows: Petitioner respectfully moves pursuant to the mandate of the United States Court of Appeals for the Tenth Circuit filed with the Tax Court on June 15, 1964, and to the order of the Tax Court dated June 17, 1964, that the Tax Court now find that petitioner sustained a loss of $149,600.00 in 1958, due to the worthlessness of its claims against Robert Jackson finally established in that year; that the petitioner paid income taxes for the taxable years 1956, 1957 and 1958 on or about September 4, 1963 after the petition herein was filed, in the respective principal amounts of $736.19, $404.98, and $4,043.29; and that the Tax Court enter its decision *325 that the petitioner is entitled to the refund of said payments; with interest thereon as provided by law. On September 9, 1964, respondent filed a "Motion to Amend Opinion to Add Findings of Fact and for Decision." The upshot of respondent's motion is to request us, in pursuance to the mandate of the court, to make findings of fact in very substantial addition to our findings of fact reported in 40 T.C. 166. The additional findings of fact which respondent in his motion has requested us to make are designated as (a) to (j), inclusive, and are incorporated herein by this reference. Each party has filed a memorandum brief in support of the motion which he has filed and also stated his objections to the motion filed by the opposite party. These briefs have been carefully studied and considered. It goes without saying that regardless of what our views are as to the opinion of the United States Court of Appeals for the Tenth Circuit in remanding us, it is our duty on the remand which we have received from that court to carefully follow and give effect to that opinion. See Commissioner v. Hughes Tool Co., 160 F. 2d 540. We have carefully studied the opinion *326 of the court and it is our view that the court has held in effect that petitioner incurred a loss in 1958 based on its claim against Robert Jackson because said claim became worthless in 1958 and that we should make a finding of fact to that effect. Accordingly, in view of the opinion of the court remanding us we make a finding of fact that petitioner James Petroleum Corporation sustained a loss of $139,200 in 1958 due to the worthlessness of its claim against Robert Jackson which claim became worthless in that year, 1958. The amount of $139,200 instead of $149,600 as formerly claimed by petitioner is in accordance with the concession made in petitioner's memorandum brief. Therefore, petitioner's motion is granted to the extent of our finding of fact stated herein, and respondent's motion is denied. Decision will be entered under Rule 50.