Paul A. HOFF, Appellant,

v.

**UNITED STATES of America,
Appellee.**

**No. 5994.**

United States Court of Appeals
Tenth Circuit.

July 8, 1959.

Harry H. Peterson, Minneapolis, Minn., for appellant.

Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M. (James A. Borland, U. S. Atty., Albuquerque, N. M., was with her on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action brought by appellant, Paul A. Hoff, against the United States to recover damages resulting from a collision of an airplane operated by an agent of the Government with an automobile in which appellant was seated at the time of the accident. It was instituted under the Federal Tort Claims Act, 28 U.S.C.A. § 2674. Trial was had

to the court. The court found the Government guilty of negligence and entered a judgment of $4,000 in favor of appellant. Since the court's finding that the Government's agent was guilty of negligence, imposing liability on the Government, is not challenged, it is not necessary to set out the facts which caused the collision.

The only assignment urged for reversal is the gross inadequacy of the judgment. The parties are in agreement as to the applicable principles of law governing an appellate court reviewing a judgment when the assertion is that the judgment is grossly inadequate. It is therefore not necessary to cite numerous authorities. It may be stated generally that the findings of the trial court will not be set aside unless clearly erroneous and grossly inadequate.[1]

The trial judge made no detailed findings of fact. He entered a memorandum in the form of an opinion. In this he found that damage to the car was $1,265. With respect to the remaining damages, he found, "With the exception of $1,265.-00, damage to the car, I shall not attempt to specify different items of damage I have considered. There was some medical expense. There were some minor injuries sustained by plaintiff, for which he should be compensated. I expressly find there was no permanent injury attributable to this accident."

Appellant's contention that after allowing $1,265 for damages to the car, the court allowed $2,515.56 for doctor bills and that there then remained only $219.44 for personal injuries, is not sustained by the record. The court did not find that the doctor bills, chargeable to the Government, totalled $2,515.56. All the court found was, "There was some medical expense." How much the court, in fact, awarded for medical expense, cannot be ascertained from the record. What the court found was that the difference between $4,000 and $1,265

would be adequate compensation for all other damages suffered, such as medical expense and what minor injuries he found appellant had incurred. In the absence of a request for itemized findings of fact with respect to medical expenses and personal injuries by appellant, he will not be heard to complain about a general finding.[2]

The court's finding that $4,000 was adequate damages for all loss suffered can be challenged successfully only if it must be said, as a matter of law, that its finding that there were only some minor injuries and that there was no permanent injury attributable to this accident, finds no support in the record. It is without dispute that there was no outward or pathological evidence of any physical injury or any injury that could be specifically catalogued. Appellant offered the testimony of two doctors, Dr. Fitzpatrick and Dr. Ross. Dr. Fitzpatrick testified that appellant suffered a whiplash of the spine. He said that it could not be disclosed or proved by X-rays and sometimes not even by neurological examinations. Whatever it is, it affects the spine. He testified that it can be established by symptoms alone and just knowing the individual. He further testified if what appellant told him was true, that he had never had any other injury, then, in his opinion, this injury was the result of this accident. Dr. Ross, a psychiatrist, testified that appellant had a post-traumatic neurosis which was caused by his reaction to the crash while he was in the automobile. Both Dr. Fitzpatrick and Dr. Ross testified that in their opinion appellant was totally disabled from doing any kind of work.

Dr. Schultz and Dr. Corcoran testified for the Government. Dr. Schultz, an orthopedist, found no exterior or pathological evidence of injury, but he did find that appellant had a limp for which the doctor could give no apparent reason. Dr. Corcoran testified that he was a der-

1. Employers' Liability Assurance Corp. v. Freeman, 10 Cir., 229 F.2d 547; Rule 52(a) F.R.Civ.P., 28 U.S.C.A.

2. Sonken-Galamba Corp. v. Atchison, T. & S. F. Ry. Co., D.C., 34 F.Supp. 15.

matologist and not a psychiatrist and that he could find no evidence of broken glass in appellant's skin. He further testified that it was a case of neuro-dermatitis, and that this stemmed from neurosis or psychosis, practically always of long standing.

That appellant was psycho-neurotic and that this condition had been of long standing, is without dispute in the record. How much of this, if any, was directly or proximately caused by this accident is not at all clear in the record. Dr. Ross also testified that appellant had a post-traumatic neurosis which was caused by his reaction to the crash.

■ It is contended that since Dr. Ross was the only psychiatrist, the court erred, as a matter of law, in rejecting his testimony that the psycho-neurotic injuries from which appellant is suffering was a result of this accident. The court considered Dr. Ross's testimony. The court was, however, not required to accept Dr. Ross's conclusion that the psycho-neurotic injury was the result of the accident. Whether it was, was a question of fact which the court was required to find, and under all the facts of the case, the court was not required to accept Dr. Ross's conclusion as to the cause of appellant's present condition. Neither is it correct to say that there is no other evidence in the record on this question. Dr. Corcoran was a dermatologist, and as such he testified that, in his opinion, the appellant was suffering from a neuro-dermatitis condition. He further testified that while he was not a psychiatrist, he made the statement "without any equivocation at all, that I believe, without a doubt, this is a neuro-dermatitis, and it is a positive fact that all neuro-dermatitis stems from a neurosis or psychosis, practically always of long standing. In an indirect way I make that statement."

■ Without delving further into a detailed discussion of the testimony of the four doctors, it is sufficient to say that we cannot say, as a matter of law, from an examination of the evidence that

the court's finding that there was no permanent injury nor more than some minor injuries attributable to the accident is so clearly erroneous as to require reversal.

Affirmed.