UNITED STATES of America,
Appellant,

v.

Waldean HORSFALL, Appellee.

No. 6074.

United States Court of Appeals
Tenth Circuit.

Aug. 21, 1959.

Herbert E. Morris, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Morton Hollander, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Leonard W. Pipkin, Jr., and George A. Scott, Topeka, Kan., for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Horsfall sued under the Federal Tort Claims Act and recovered an $85,440.06 judgment for a broken leg. The United States does not contest liability. The sole point urged for reversal is that the findings as to permanent disability lack the specificity required by Rule 52(a), F.R.Civ.P., 28 U.S.C.A.

Horsfall received a serious fracture of the right leg which totally incapacitated him up to the time of the trial and which required thereafter one or more surgical operations with attendant hospitalization and rehabilitation. The medical testimony was that final evaluation of disability would have to await complete healing of the leg. Horsfall's doctor testified that even with a good result from the operations the leg would be unable to stand continued weight-bearing for eight hours, that there would be a continuing possibility of refracture and recrudescence of infection, that the chances of retaining a useful leg were good, and that no amputation was anticipated.

Horsfall was an itinerant cook with no record of regular employment. At the time of the accident he was unmarried and had a life expectancy of 26.01 years. Testifying in his own behalf he made inconsistent statements as to his earnings.[1]

The trial court made no finding as to earnings and no finding as to period of temporary total disability. The find-

---

[1] At one place in his testimony Horsfall said that he worked the entire calendar years of 1955 and 1956 at a Washington hospital and received $2,400 a year. He later testified that during the entire year immediately preceding his April, 1957, ac-

ings as to permanent disability were that Horsfall had "sustained permanent disability and disfigurement" and that he "will sustain extensive permanent disability." The court made the following awards:

| | |
|---|---:|
| Medical expense to time of trial | $ 3,990.06 |
| Future medical expense | 5,000.00 |
| Loss of time to trial | 3,900.00 |
| Future loss of time | 17,550.00 |
| Pain and suffering | 10,000.00 |
| Permanent disability | 45,000.00 |
| Total | $85,440.06 |

■■■ The government contends that the findings as to permanent disability are conclusory in nature and do not have the specificity required by Rule 52(a). The requirements of Rule 52(a) as to findings are not a jurisdictional prerequisite to an appeal.[2] The purpose is "to aid the appellate court by affording a clear understanding of the basis of the decision of the trial court,"[3] and to aid in the trial judge's process of adjudication.[4] The rule applies to both questions of liability and questions of damages. Findings of damages must be made with particularity so that they may be reviewed.[5]

■■■ In a case such as this, where the extent of permanent disability cannot be determined at the time of trial, an insistence upon special findings as to such disability is unreasonable. In many cases it is impossible to do more than to generalize on this point. The appellate power of review can be exercised here without more specific findings except for

the fact that it is impossible to determine from the findings and judgment the manner in which the trial court treated loss of time. Without making any findings as to earnings or period of temporary total disability, the court made an award of $17,550 for "future loss of time" and an award of $45,000 for "permanent disability."

■■■ Future loss of earnings is a proper item for consideration in making an award for permanent disability. In the absence of any special findings relating to permanent disability it is a reasonable assumption that the court considered the loss of earnings factor in making its award for permanent disability. If this is true, then the $17,550 award for loss of time is a duplication. It may be that the intent of the court was that the $17,550 award cover the period of temporary total disability. If this is so, then it is clearly erroneous because it is without support in the record.[6] If the $45,000 award for permanent disability is intended to be a sum in addition to any loss of earnings, then it is excessive.

■■■ We have no doubt as to our power to review excessive awards of damages under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, if we are convinced that they are clearly erroneous.[7] It is impossible for us to make any such determination here as we cannot ascertain from the findings how the trial court gave effect to an important element of damage.

This inherent defect in the findings makes it unnecessary for us to consider

cident he worked at a restaurant in Kansas for $75 a week.

2. Cf. Hurwitz v. Hurwitz, 78 U.S.App. D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226; United States v. Pendergrast, 4 Cir., 241 F.2d 687, 689.

3. Tulsa City Lines v. Mains, 10 Cir., 107 F.2d 377, 382.

4. Moore's Federal Practice, 2d Ed., Vol. 5, § 52.06, p. 2653.

5. Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065.

6. The only estimate as to the period of total disability was that there would be "about four years of total disablement." There is no evidence that Horsfall ever earned $4,000 or more a year.

7. 28 U.S.C. § 2106; United States v. Pendergrast, supra.

the failure of the government to request special findings [8] or to move for new trial or to amend the findings.[9] Rule 52(a) states that requests for findings are not necessary for purposes of review. Rule 52(b) provides that when findings of fact are made in actions tried by the court without a jury, neither objections to the findings, motion to amend, or motion for judgment are necessary to raise the question of the sufficiency of the evidence to support the findings.

The difficulty here is that it is impossible from the findings to determine whether there has been a duplicate award for loss of earnings. Such uncertainty prevents the appellate court from making an intelligent review of the sufficiency of the evidence. The Supreme Court has said that there "must be findings, in such detail and exactness as the nature of the case permits, of subsidiary facts on which the ultimate conclusion of fairness can rationally be predicated." [10] When the findings are inadequate to permit a review of the sufficiency of the evidence they do not satisfy the principle so announced. There is a duty upon the court in a case tried without a jury to make proper findings and there is a duty on counsel for the prevailing party to see that proper findings are made and filed.[11] The effect of failure so to do cannot be avoided by the assertion that losing counsel has not taken procedural steps which are permitted but not required for appellate review.

Because of the apparent duplication of the award for loss of time in the award for permanent disability the case is reversed and remanded with directions to the trial court to enter an order requiring plaintiff to remit $17,550 of the judgment, and in the event of the election of the plaintiff not to remit to grant a new trial on the question of damages alone.

8. Cf. Hoff v. United States, 10 Cir., 1959, 268 F.2d 646.

9. United States v. Pendergrast, supra.

10. Kelley v. Everglades Drainage District, 319 U.S. 415, 420, 63 S.Ct. 1141, 1144,

87 L.Ed. 1485. See also Dalehite v. United States, 346 U.S. 15, 24, note 8, 73 S.Ct. 956, 97 L.Ed. 1427.

11. Michener v. United States, 8 Cir., 177 F.2d 422, 424.