The **FIRST NATIONAL BANK OF FORT SMITH, ARKANSAS, Appellant,**

v.

**H. E. MATTINGLY, d/b/a Sanitary Plumbing Company, Appellee.**

**No. 7059.**

United States Court of Appeals
Tenth Circuit.

Dec. 21, 1962.

---

ant), asserted a mechanic's and material-man's lien against the property. The property was sold under court order and the amount of the lien claim deposited with the clerk. The trial court held the lien superior to the mortgage and the mortgagee appeals.

Before the foreclosure action was started in federal court the lien claimant brought an action in state court to enforce his lien and, after the suit in federal court had been filed, obtained a judgment in state court upholding the validity of his lien. The mortgagee was not a party to the state court suit.

The evidence contained in the record is sketchy and unsatisfactory. Although the facts in the case may have been known by the lawyers and by the trial court, we are left in doubt on several critical points. The judgment says:

> "After a careful consideration of the record, the Court is of the opinion that the lien claimed by Mattingly and which had heretofore been reduced to a judgment in the State Court of Bryan County, Oklahoma, is a valid lien and a valid judgment and that Mattingly is entitled to the $4,-700 heretofore paid into the court."

The trial court's conclusions of law are supported by no findings of fact. The parties argue res judicata and the sufficiency of the facts to establish the validity and priority of the lien. On the face of the record res judicata does not apply because of the lack of identity of parties in the state court and federal court suits.[1]

The Oklahoma statute provides that a lien for labor or materials shall be preferred to an encumbrance attaching after the commencement of the construction which is the basis for the lien.[2] The lien statement must be filed within four months after the date when material was

D. S. MacDonald, Jr., Durant, Okl., for appellant.

James W. Batchelor, Durant, Okl., for appellee.

Before BRATTON, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant, The First National Bank of Fort Smith, Arkansas (mortgagee), sued to foreclose a mortgage on industrial property in Bryan County, Oklahoma. Appellee, H. E. Mattingly (lien claim-

---

1. New York Life Ins. Co. v. Cooper, 10 Cir., 167 F.2d 651, 654, certiorari denied 335 U.S. 819, 69 S.Ct. 41, 93 L.Ed. 374;

Grisham v. Commissioners of the Land Office, 324 P.2d 278, 280 (Okl., 1958).

2. 42 Okl.St.Ann. § 141.

last furnished or labor last performed.[3] The briefs disclose disagreement as to when the last labor was performed and the last materials were furnished and as to the timeliness of the filing of the lien statement. The failure of the trial court to find the pertinent facts in regard thereto and the inadequacy of the record make it impossible for us to determine whether, as a matter of law, the lien was valid and prior.

Rule 52(a), F.R.Civ.P., requires that in all actions tried upon the facts without a jury "the court shall find the facts specially and state separately its conclusions of law thereon." A written motion of the mortgagee requesting findings of fact on the matters which we have mentioned was denied.

■■ In United States v. Horsfall, 10 Cir., 270 F.2d 107, 109–110, we held that although the requirements of Rule 52(a) are not a jurisdictional prerequisite to an appeal, the district court has a duty to make findings in a case tried without a jury and those findings must be adequate to permit an intelligent review by the appellate court.[4] The function of an appellate court is not to try the facts but to determine whether, as a matter of law, the findings sustain the judgment.[5] If the facts are clear and undisputed, the absence of findings may not be fatal. In the instant case the facts are not clear and they are disputed in brief and argument.

Reversed with directions to permit the taking of additional evidence if offered and to make findings of fact and conclusions of law in conformity with Rule 52(a).

---

3. 42 Okl.St.Ann. § 142.

4. See also Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L. Ed. 1065; and Kelley v. Everglades Drainage District, 319 U.S. 415, 420, 63 S.Ct. 1141, 87 L.Ed. 1485.

5. Barnard-Curtiss Company v. United States, 10 Cir., 244 F.2d 565, 567, certiorari denied 358 U.S. 906, 79 S.Ct. 230, 3 L.Ed.2d 227. See also Maher v. Cities Service Pipe Line Company, 10 Cir., 286 F.2d 313, 315.