**WOODS CONSTRUCTION COMPANY,**
Inc., a corporation, Appellant,

v.

**POOL CONSTRUCTION COMPANY, a**
partnership, Appellee.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1963.

R. L. Davidson, Jr., Tulsa, Okl. (James R. Jessup and Donald D. Cameron, Tulsa, Okl., were with him on the brief), for appellant.

Robert Wheeler, Tulsa, Okl. (John M. Wheeler and John Wheeler, Jr., Tulsa, Okl., were with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The action was commenced in the court below by appellee, Pool Construction Company, a partnership, against appellant, Woods Construction Company, Inc., its surety upon a performance and payment bond and Smith Road Construction Co., Inc., to establish an asserted claim under the Miller Act, 40 U.S.C. §§ 270a, 270b. The claim concerns payment for road materials allegedly furnished to the Smith Company, a subcontractor under the Woods Company, for the construction of a relocated highway.

The case was tried to the court without a jury, and resulted in a judgment in favor of the appellee. That judgment is evidenced by a Journal Entry, signed by the trial court, wherein the issues raised are separately ruled upon, and it concludes with the usual recitation of judgment. We have before us only that instrument, together with a transcript of trial proceedings. No other findings of fact or conclusions of law were entered by the trial court.

Appellant urges the following points for reversal: (1) That the appellee was not a materialman within the meaning of the Miller Act; (2) that the notice given did not meet the requirements of the Act; (3) that under the evidence, its defenses of "account stated" and "accord and satisfaction" are valid; and, (4) the amount of the judgment is incorrect.

These contentions ultimately must be determined as a matter of law, but, only as the law is applied to the facts of the case.

Under Fed.R.Civ.P. 52(a), 28 U.S.C., a trial judge is required to make findings of fact and conclusions of law in all civil actions tried upon the facts without a jury or with an advisory jury.[1]

The purpose of this rule is to aid the appellate court on appeal, by affording a clear understanding of the basis of the trial court's decision, as well as to aid the trier of the facts in his process of adjudication. State of Utah v. United States, 10 Cir., 304 F.2d 23, cert. denied 371 U.S. 826, 83 S.Ct. 47, 9 L.Ed.2d 65; United States v. Horsfall, 10 Cir., 270 F.2d 107. The rule requiring findings of fact is mandatory and must be reasonably complied with. Commissioner v. Duberstein, 363 U.S. 278, 292, 293, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Kweskin v. Finkelstein, 7 Cir., 223 F.2d 677; Maher v. Hendrickson, 7 Cir., 188 F.2d 700; Aetna Insurance Company v. Stanford, 5 Cir., 273 F.2d 150, 153; Kruger v. Purcell, 3 Cir., 300 F.2d 830. The appellate courts, under the rule, do not have the power to review the evidence in the record and supply the findings of fact necessary to determine the issues. Randall Foundation v. Riddell, 9 Cir., 244 F. 2d 803. A conclusion of ultimate fact without any subsidiary or basic findings of fact upon which such conclusion is based is insufficient compliance with Rule 52(a). Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 7 Cir., 164 F. 2d 332. A judge need only make brief, definite and pertinent findings of fact and conclusions of law. Elaborate and detailed findings and conclusions are not necessary. Trentman v. City and County of Denver, Colo., 10 Cir., 236 F.2d 951,

1. "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

cert. denied, 352 U.S. 943, 77 S.Ct. 265, 1 L.Ed.2d 239; Life Savers Corp. v. Curtiss Candy Co., 7 Cir., 182 F.2d 4.

The proper guide for trial judges is succinctly stated in 5 Moore's Federal Practice (2d Ed.), § 52.05[1], page 2644, in footnote 9: "While the degree of particularity must necessarily be gauged to the case at hand, it should be sufficient to indicate the factual basis for the ultimate conclusion."

Accordingly, findings of fact must be made by the trial judge as to each and every issue raised by the parties and remaining before him at the conclusion of the trial. The trial judge is not required to follow any particular form in making findings of fact and conclusions of law. They may be contained in an opinion or memorandum of decision. However, in this case, a careful reading and consideration of the Journal Entry before us compels the conclusion that adequate findings of fact have not been made. The most that may be said of these findings is that each is either a conclusion of law,[2] a bare conclusion of an ultimate fact,[3] or a negative finding.[4] The basic facts necessary to determine the issues in the case do not appear in this instrument.

It is not the function of an appellate court to read the transcript of the evidence for the purpose of determining the essential facts before applying the law of the case. The First National Bank of Fort Smith, Arkansas v. H. E. Mattingly, 10 Cir., 312 F.2d 603. On the present state of the record before us, that is exactly what we would be required to do in order to finally dispose of the case on this appeal.

The judgment entered below is vacated and set aside, and the case is remanded with directions to take additional evidence, if offered, and to make findings of fact and conclusions of law on all the issues in the case, in conformity with Rule 52(a).

---

These footnotes illustrate the nature of the findings contained in the Journal Entry of Judgment.

2. "That the letter from Pool Construction Company to Mr. Ila Woods, dated February 20, 1961, constituted sufficient notice of the indebtedness to comply with the provisions of 40 USCA 270(b). McWaters & Bartlett v. United States, 10 Cir., 272 F.2d 291; United States for Hopper Bros. Quarries v. Peerless Casualty Co., 8 Cir., 255 F.2d 137."

3. "That the cashing of the check of May 3, 1961, by Pool Construction Company cannot be construed to be an account stated for the reason that under the circumstances of the entire transaction, Pool Construction Company was justified in considering the check a payment for materials furnished to Smith Road Construction Co., Inc. for Noland Smith."

4. "The evidence does not establish a bona fide dispute or controversy over the amount of material furnished Smith Road Construction Co., Inc. or the amount due therefor, and a mutual intention and agreement that Pool Construction Company would accept in settlement a lesser amount than it considered it was entitled to, and the execution or satisfaction of such agreement. Salisbury v. Tibbetts, 10 Cir., 259 F.2d 59; Marshall v. Amos, Okl., 300 P.2d 990."