W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
Appellant,

v.

YOUNG ELECTRIC SIGN COMPANY,
a corporation, Appellee.

No. 7095.

United States Court of Appeals
Tenth Circuit.

Feb. 19, 1963.

Jacob I. Karro, Washington, D. C.
(Charles Donahue, Solicitor of Labor,
Bessie Margolin, Associate Solicitor,
Sigmund R. Balka, and Kenneth C.
Robertson, Regional Attorney, on the
brief), for appellant.

Earl D. Tanner, Salt Lake City, Utah,
for appellee.

Before MURRAH, Chief Judge, and
PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant, plaintiff below, seeks to set aside an adverse judgment entered by the District Court for the District of Utah sua sponte at the conclusion of a pre-trial conference. The judgment denied injunctive relief sought by the Secretary of Labor under a complaint alleging repeated and continuing violations by the defendant company of sections 15(a) (4) and 15(a) (5) of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The judgment recited and provided:

" * * * At the pre-trial hearing counsel for defendant represented to the court that the claimed violations set forth by plaintiff had ceased to exist, that they had been voluntarily remedied by defendant prior to the commencement of this suit, and that there was no intent on the part of the defendant to violate the Fair Labor Standards Act of 1938 now or in future. In reply to inquiry by the Court, counsel for plaintiff stated that plaintiff had no evidence that violations existed at the time of the filing of the complaint herein or now and that plaintiff knew of no proof which it proposed to adduce at trial showing a present intent on the part of defendant to violate the Fair Labor Standards Act in future.

"The Court, having been fully advised in the premises, it is hereby

"Ordered, Adjudged and Decreed:

"1. That defendant have judgment of no cause of action herein.

"Dated this 17 day of May, 1962."

Summary disposition of a cause may logically and properly follow a pre-trial conference when the pre-trial procedures disclose the lack of a disputed issue of material fact and the facts so established indicate an unequivocal right to judgment favoring a party. Holcomb v. Aetna Life Insurance Company, 10 Cir., 255 F.2d 577; Berger v. Brannan, 10 Cir., 172 F.2d 241. And in certain instances we believe that summary procedures may properly be applied when the granting or withholding of injunctive relief is discretionary with the court upon consideration of undisputed facts.[1] But the basis of every judgment must be so reflected in the record as to make it capable of intelligent appellate review. The First National Bank of Fort Smith, Arkansas v. H. E. Mattingly, 10 Cir., 312 F.2d 603; Woods Construction Company, Inc. v. Pool Construction Company, 10 Cir., 314 F.2d 405; United States v. Horsfall, 10 Cir., 270 F.2d 107. We cannot determine from the record before us the basis in law or fact for the subject judgment.

The judgment recites that "the claimed violations" of the Fair Labor Standards Act by the defendant company had all been remedied long prior to the time of pre-trial conference and the company was in current compliance with the provisions of the Act. This premise was justified as counsel for the company so represented and government counsel admitted they had no evidence to the contrary. However, if the trial court based its judgment of no cause of

[1]. Compliance with Rule 56 is the desirable procedure for consideration of summary disposition and gives the parties full opportunity for understanding of the basis of judgment. Although the appropriateness of summary disposition may be indicated as the result of a pre-trial conference held under Rule 16, this rule contemplates further procedural steps before final disposition.

action upon a conclusion of law that present compliance is a complete bar to injunctive relief sought by the Secretary upon claim of earlier violations and that the occurrence of such violations is thus an immaterial fact, such judgment is clearly erroneous in law. Injunctive relief may be, and often is, a proper and indicated remedy even though an employer may have remedied conditions violating the Act and may be in current compliance. Walling v. Helmerich & Payne, 323 U.S. 37, 43, 65 S.Ct. 11, 89 L.Ed. 29; Walling v. Haile Gold Mines, 4 Cir., 136 F.2d 102, 105; Walling v. Fairmount Creamery Co., 8 Cir., 139 F.2d 318, 321–323; McComb v. Wyandotte Furniture Co., 8 Cir., 169 F.2d 766, 770.

[6, 7] The judgment may, however, reflect a subjective view of the trial judge that proof of the "claimed" violations of the Act, though a disputed issue of fact, would not affect the judgment result and that injunctive relief would be denied, on the merits and as a matter of discretion, even if the Secretary proved each and all of the violations. If so premised, the judgment is faulty for summary disposition requires the total absence of a disputed material issue of fact. The number, nature and extent of violations under the Fair Labor Standards Act is the factor determinative of the necessity or lack of necessity of protecting the public interest by judicial decree. Absent a finding upon this material issue appellate review is impossible.

The tenor of the pre-trial procedures is such as to suggest the possibility, though remote, of a third premise for the judgment. The trial judge may have interpreted statements made at pre-trial by counsel for the defendant as constituting unqualified admissions of the occurrence of all the violations alleged. Counsel makes no such admission in his presentation to this court and if such be the premise for the judgment its uncertainty is apparent.

The judgment is vacated and the case remanded for further proceedings in accordance with the views expressed herein.