**Olen F. FEATHERSTONE and Martha Featherstone, Appellants,**

v.

**Max BARASH, Appellee.**

**No. 7804.**

United States Court of Appeals
Tenth Circuit.

May 6, 1965.

John H. Tippit, Denver, Colo., for appellants.

Bryan G. Johnson, Albuquerque, N. M., for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

This is an action by an attorney to collect fees, in which the determinative question on appeal is the sufficiency of the trial court's findings.

· The plaintiff Max Barash (appellee here), alleged in his complaint that he had been employed to represent the defendants Olen F. Featherstone and Martha Featherstone (appellants)[1] in administrative proceedings involving extensive federal oil and gas leases, the reasonable value of the services being $96,000.00, $11,000.00 of which had been paid. Judgment was demanded for the claimed balance of $85,000.00. The defendants' answer admitted various allegations concerning the subject matter and circumstances of the employment, denied that the reasonable value of the services actually rendered was the amount claimed, and alleged that such reasonable value did not exceed the amount which defendants already had paid. Among the affirmative defenses interposed was that "plaintiff accepted $32,940.10[2] paid by defendant up to and at the termination of plaintiff's employment as full payment of plaintiff's unliquidated claim for services and thereby released defendant from further liability".

At the trial plaintiff introduced evidence tending to show that his legal services for the defendants were complicated, his qualifications eminent; that the time actually expended, if not reasonably required, in their performance totaled hundreds of hours over a period of almost three years; that while he made interim billings, which were promptly paid by the defendants, his final billing for an additional $85,000.00, covering much of the period for which previous bills had been submitted, was made pursuant to an express understanding between him and Mr. Featherstone that interim billings would be made only for "office expenses" or on a "minimum basis", and that upon completion of the work the parties would get together on a final settlement. While the plaintiff offered neither time records nor expert testimony as to the money value of his services, his testimony if accepted at its face value would indicate that they were time consuming, complicated and substantial.

Featherstone denied that there was any understanding for delayed billings, and introduced evidence tending to show that the circumstances were such as to make unlikely any such agreement. Defendants' evidence further tended to show that the amount of time reasonably devoted by plaintiff to defendants' affairs was limited, that the results achieved were uncertain or unsatisfactory, and that, in the view of qualified experts with limited awareness of the circumstances involved the amount already paid exceeded the reasonable value of plaintiff's services.

Following a trial of several days' duration, the trial court, by endorsement, approved written findings of fact tendered by counsel for plaintiff. The first eight findings were largely recitations of undenied allegations of the complaint or uncontroverted facts or documents shown by the evidence. The last two findings were as follows:

"IX. There was no specific agreement between plaintiff and defendant Featherstone as to the amount that plaintiff was to be paid for his services, the matter of the total fee being left open between plaintiff and defendant Featherstone.

"X. Based upon all the evidence in the case, a fair and reasonable total

---

1. The parties usually will be referred to hereinafter as they appeared in the lower court.

2. A part of these payments were for services during a period not in dispute, and hence the total amount was not included in the court's finding of the amount that had been paid. There is no real dispute that as against the services in dispute, $15,000.00 has been paid by defendants.

fee to be paid by defendant Featherstone for plaintiff's legal services is the sum of $22,500.00, being $7500.00 over and above the amount which has already been paid to plaintiff."

The conclusions of law added nothing by way of facts to the findings. Pursuant to its conclusion "that a fair and reasonable amount to be paid to plaintiff, in addition to the fees already received, is the sum of $7500.00", the court entered judgment against the defendants for that amount, with costs.

The defendants attack this judgment on several grounds, only one of which warrants extended discussion: "That the findings of fact and conclusions of law made by the trial court are not sufficient to form a basis for the decision".

 Rule 52, Federal Rules of Civil Procedure, requires the trial court in actions tried upon the facts without a jury, or with an advisory jury, to find the facts specially.[3] The purposes of this rule are to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court, to make definite what is decided in order to apply the doctrines of estoppel and res judicata to future cases, and to evoke care on the part of the trial judge in considering and adjudicating the facts in dispute.[4] The sufficiency of findings must be measured by the requirements of the rule and in the light of these purposes.

 Proper and adequate findings of fact are not only mandatory,[5] but highly practical and salutory in the administration of justice. It has been pointed out that the trial court is a most important agency of the judicial branch of the government precisely because on it rests the responsibility of ascertaining the facts.[6] The Supreme Court recently underscored the responsibility of the court with respect to findings, and was critical of any indiscriminate dependence upon counsel in formulating them.[7] Whatever difficulties there may be under various circumstances in the application of the "clearly erroneous" rule[8] in support of the trial

---

3. Rule 52(a) Federal Rules of Civil Procedure. "(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

4. 2B Barron and Holtzoff, Federal Practice and Procedure §§ 1121–1123. 5 Moore, Federal Practice ¶ 52.06(1) (2d

ed. 1964). See also Tulsa City Lines, Inc. v. Mains, 107 F.2d 377 (10th Cir. 1939); United States v. Horsfall, 270 F.2d 107 (10th Cir. 1959); Commercial Standards Insurance Co. v. Liberty Plan Co., 283 F.2d 893 (10th Cir. 1960); State of Utah v. United States, 304 F.2d 23 (10th Cir. 1962), cert. den. 371 U.S. 826, 83 S.Ct. 47, 9 L.Ed.2d 65 (1963).

5. Woods Construction Co. v. Pool Construction Co., 314 F.2d 405 (10th Cir. 1963).

6. Matton Oil Transfer Corp. v. The Dynamic, 123 F.2d 999 (2d Cir. 1941).

7. United States v. El Paso Natural Gas Co., et al., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

8. Rule 52(a), F.R.Civ.P., supra. See 5 Moore, Federal Procedure ¶ 52.04 at 2637, (2 ed. 1964), and particularly 1964 Cumulative Supplement. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Commercial Standard Ins. Co. v. Universal Underwriters, 282 F.2d 24 (10th Cir. 1960); United States v. United Steelworkers of America, 271 F.2d 676 (3d Cir. 1959), aff'd. 361 U.S. 39, 80 S.Ct. 1, 4 L.Ed.2d 12 (1959); Kuhn v. Princess Lida of Thurn and Taxis, 119 F.2d 704

court's findings, these difficulties are immeasurably compounded by dubious findings. And when findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court.[9]

As serious as these requirements may become in their non-observance, they are far from rigid and unworkable, or unadaptable to practical court administration. For example, if there is no dispute between the parties about the facts, allegations of the complaint may be accepted as true, thus eliminating the necessity of formal findings.[10] Apart from express admissions, if the facts themselves are clear and undisputed the absence of findings may not be fatal since they are not a jurisdictional prerequisite to an appeal.[11] General findings which realistically meet and resolve the issues in dispute may be sufficient in the absence of occasion or request for more specific ones.[12] Where the factual foundations for the determination and award of attorney's fees are without dispute a general finding as to their reasonable value may suffice.[13] The rule does not require the making of elaborate findings extending into minute and unnecessary detail on every feature of the case, but is met in full measure if the findings cover in clear, definite and concise language the contested issue or issues in the case.[14] An elaboration of reasons which persuade the trial court to find as it does are not essential and, indeed, may constitute a violation of the rule against prolixity.[15] Findings may be sufficient if they permit a clear understanding of the basis of decision of the trial court, irrespective of their mere form or arrangement.[16] There is also flexibility in method, as findings of fact may be dictated into the record in open court and adopted as such, prepared initially in writing and filed at the close of or following the trial, or included in an opinion or memorandum decision of the court without special designation.[17] Despite the requirement for

(3d Cir. 1941); Johnson v. Larmondra, 224 F.2d 30 (1st Cir. 1955); cf. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

9. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), supra; Kelley v. Everglades Drainage Dist., 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485; Woods Construction Co. v. Pool Construction Co., 314 F.2d 405 (10th Cir. 1963), supra; First National Bank of Fort Smith, Arkansas v. Mattingly, 312 F.2d 603 (10th Cir. 1962); Commercial Standards Insurance Co. v. Liberty Plan Co., 283 F.2d 893 (10th Cir. 1960), supra; United States v. Horsfall, 270 F.2d 107 (10th Cir. 1959); cf. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774 (1940).

10. Carpenters' District Council, etc. v. Cicci, 261 F.2d 5 (6th Cir. 1958).

11. First National Bank of Fort Smith, Arkansas v. Mattingly, 312 F.2d 603 (10th Cir. 1962).

12. Hoff v. United States, 268 F.2d 646 (10th Cir. 1959).

13. Thus, in suits for the collection of notes or the foreclosure of mortgages providing for the payment of reasonable attorney's fees where there is no issue as to their justification or basis, a general finding of reasonable value is quite usual.

14. Trentman v. City and County of Denver, Colo., 236 F.2d 951 (10th Cir. 1956); see also Woods Construction Co. v. Pool Construction Co., 314 F.2d 405 (10th Cir. 1963), supra.

15. United States v. Kasynski, 284 F.2d 143 (10th Cir. 1960).

16. State of Utah v. United States, 304 F.2d 23 (10th Cir. 1962), cert. den. 371 U.S. 826, 83 S.Ct. 47, 9 L.Ed.2d 65 (1963), supra; Woodruff v. Heiser, 150 F.2d 873 (10th Cir. 1945); Tulsa City Lines, Inc. v. Mains, 107 F.2d 377 (10th Cir. 1939), supra.

17. Rule 52(a) Federal Rules of Civil Procedure; Trentman v. City and County of Denver, Colo., 236 F.2d 951 (10th Cir. 1956), supra, at p. 953; Morton Salt Company v. United States, 235 F.2d 573 (10th Cir. 1956) in which the reviewing court sustained special findings which the

separate statement, the appellate court in appropriate cases may treat factual determinations as findings although labeled conclusions.[18] While findings should be in substance the product of the judge's adjudication and not a mere adoption of those proposed by one of the parties, the court may avail itself of the assistance of counsel in preparing them pursuant to its direction or in submitting proposals either before or after the decision, in aid of the court's ultimate determination.[19]

Applying these principles, and yet mindful of this flexibility and practicality in the operation of Rule 52(a), it must be recognized that the findings of fact before us are insufficient.[20] There is little or nothing in the purported findings of fact here to indicate the basis of the trial court's determination of what a reasonable attorney's fee was in terms of the basic facts in controversy. The findings do not resolve the real questions in issue, which went beyond the general application of a reasonable standard and specifically involved the extent, nature and importance of the services rendered; the time reasonably required; whether as alleged in defendants' third defense the plaintiff had accepted the amounts already paid as full compensation to the dates of payment and, if not, what weight was to be attached to the unbilled period, the final results and the prior billings.[21]

There was sharp conflict of evidence and permissible inferences bearing on these and related points, and concerning all of them the findings of fact are silent.[22] Even though the entire record below is examined, what views the trial court entertained concerning them can only be surmised.[23] This leaves no alter-

trial court had orally stated into the record at the close of the trial. See also United States v. Jacobs, 308 F.2d 906 (5th Cir. 1962).

18. Houck v. Hinds, 215 F.2d 673 (10th Cir. 1954).

19. United States v. El Paso Natural Gas Co., 376 U.S. 651, 84 S.Ct. 1044, 12 L. Ed.2d 12 (1964), supra; see also In re Woodmar Realty Company, 307 F.2d 591 (7th Cir. 1962); Saco-Lowell Shops v. Reynolds, 141 F.2d 587 (4th Cir. 1944). Cf. Chicopee Manufacturing Corp. v. Kendall Company, 288 F.2d 719 (4th Cir. 1961). The required submission of proposed findings prior to final argument has been recommended for consideration in protracted cases. Handbook of Recommended Procedures for the Trial of Protracted Cases, approved by the Judicial Conference of the United States, 1960, p. 110.

20. This is not because in an appropriate case, either with or without expert testimony, the court cannot look to his own experience and knowledge in evaluating the reasonableness of attorney's fees upon the basis of adequate factual foundations. United States v. Anglin & Stevenson, 145 F.2d 622 (10th Cir. 1944), cert. den. 324 U.S. 844, 65 S.Ct. 678, 89 L.Ed. 1405; City of Wewoka, Okl. v. Banker, 117 F.2d 839 (10th Cir. 1941); North Drive-In Theatre Corp. v. Park-In Theatres, Inc., 248 F.2d 232 (10th Cir. 1957). Nor is it because the trial court may not draw reasonable inferences from documents and circumstances shown by the record, or itself appraise, without allocation of the total fee among, the various factors to be considered. Wyoming Ry. Co. v. Herrington, 163 F.2d 1004 (10th Cir. 1947); Hanna Paint Mfg. Co. v. Rodey, Dickason, Sloan, Akin & Robb, 298 F.2d 371 (10th Cir. 1962).

21. Cf. Bermann v. Reimer, 123 F.2d 331 (2d Cir. 1941).

22. It is true that Finding IX finds that "There was no specific agreement between plaintiff and defendant Featherstone as to the amount that plaintiff was to be paid for his services, the matter of the total fee being left open between plaintiff and defendant Featherstone." This, however, does not meet the contested issues. Both sides agreed that there was no specific contract governing the amount to be paid, and neither contended that anything but the reasonable value of the services was contemplated. Plaintiff did not contend that the disputed interview involved the ultimate amount of the fee, but only the manner of billing.

23. As Judge Breitenstein commented in Commercial Standards Insurance Co. v. Liberty Plan Co., 283 F.2d 893 (10th Cir. 1960), supra: "Findings must be sufficiently detailed and exact so as to permit an intelligent review. An intelligent review must be based on substance, not on guess."

native but to remand the case for the making of adequate findings and related purposes.[24]

The defendants also contend that the evidence is insufficient to support the findings of fact. Until adequate findings are made by the trial court, it seems inappropriate to comment further concerning the evidence.

Reversed, with directions to permit the taking of additional evidence, if offered, to make findings of fact and conclusions of law in conformity with Rule 52(a), and to enter judgment consonant with them.

---

24. First National Bank of Fort Smith, Arkansas v. Mattingly, 312 F.2d 603 (10th Cir. 1962), supra; Woods Construction Co. v. Pool Construction Co., 314 F.2d 405 (10th Cir. 1963), supra; cf. Kruger v. Purcell, 300 F.2d 830 (3d Cir. 1962); Johnson v. United States, 256 F.2d 849 (5th Cir. 1958).