**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: BTS INC.,

    Debtor.

---

VALLEY NATIONAL BANK,

    Appellant,

v.

BTS INC.,

    Appellee.

No. 97-5245

(D.C. No. 97-C-745-K(W))

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Appellee BTS Inc. provides technical services and training equipment to commercial and military aviation operations. On May 18, 1995, BTS filed a petition seeking protection under Chapter 11 of the United States Bankruptcy Code. Appellant Valley National Bank was a secured creditor of BTS. The most valuable piece of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

collateral securing Valley's loan was an "FAA Level B Certified B727-200adv Flight Simulator." During the bankruptcy proceedings, the parties offered evidence valuing the simulator between $170,000 and $2.5 million. Prior to the hearing on its proof of claim, Valley sold the simulator for $250,000.

At the hearing, the bankruptcy court calculated Valley's claim against BTS at $1,609,995.00. The bankruptcy court then determined the value of the secured assets so their value could be subtracted from Valley's total claim to determine the amount Valley could claim as an unsecured creditor.[1] Considering the evidence offered at the hearing, the bankruptcy court valued the simulator at $910,000, not the $250,000 for which Valley actually sold the simulator. By placing this higher value on the simulator, the bankruptcy court effectively reduced Valley's unsecured claim by $660,000 (the difference between 910,000 and 250,000). The bankruptcy court also disallowed a portion of the attorney's fees Valley requested. Valley appealed to the district court arguing that the bankrupcty court erroneously arrived at the flight simulator's value and improperly reduced its attorney's fees. The district court affirmed the bankruptcy court.

On appeal to this court, Valley essentially repeats the arguments made to the district court and for the first time urges reversal on the basis that the bankruptcy court failed to make a finding that the simulator was not sold in a commercially reasonable

---

[1] The value of the collateral securing Valley's loan to BTS was less than the amount of the loan. Thus, to the extent the loan amount exceeded the value of the collateral, Valley found itself in the unsecured creditor pool.

2

manner. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

I.

A commercially reasonable sale of an asset establishes the market value of that asset. Matter of Excello Press, Inc., 890 F.2d 896, 905 (7th Cir. 1989). In evaluating Valley's proof of claim, the bankruptcy court considered evidence regarding the flight simulator's market value including appraisals, expert testimony, and the actual sale price of the simulator. Without determining whether Valley sold the simulator in a commercially reasonable manner, the bankruptcy court concluded that the simulator had a market value of $910,000. Valley argues that because a commercially reasonable sale establishes market value, the bankruptcy court was required to make a determination that its sale of the simulator for $250,000 was not commercially reasonable before it could arrive at a higher market value. Valley contends that such a finding was outcome determinative and that the bankruptcy court's failure to make the finding requires that we remand for determination of commercial reasonableness.

Valley raised the issue of commercial reasonableness in the pretrial conference before the bankruptcy court. Valley did not raise the issue once the proof of claim hearing began, nor did it raise the issue on appeal to the district court. "It is a general rule that a federal appellate court will not consider an issue which was not presented to, considered or decided by the trial court." Cavic v. Pioneer Astro Industries, Inc., 825

3

F.2d 1421, 1425 (10th Cir. 1987) (internal quotations omitted). In this case, Valley not only failed to properly preserve the issue before the bankruptcy court, it failed to raise the issue on appeal to the district court. Thus, although we recognize an appreciable difference in the bankruptcy court's valuation of the simulator and the price Valley received for the asset in what in contends was a commercially reasonable sale, we decline to consider the issue for the first time on appeal.

II.

Valley next claims that the bankruptcy court's findings do not satisfy Rule 7052. Specifically, Valley claims the bankruptcy court's decision must be reversed because the court: (1) did not make a finding on the commercial reasonableness of the simulator sale; (2) relied on an erroneous incorporation by reference in making material findings of fact; and (3) made only a broad general statement regarding the value of the simulator without any underlying analysis or justification. We reject Valley's arguments.

Fed. R. Bankr. P. 7052 requires a bankruptcy court to make findings of fact and conclusions of law on all actions tried to the court. The rule is designed to furnish a reviewing court with a clear understanding of the basis for the bankruptcy court's decision. See Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 877 (10th Cir. 1984). Findings of fact satisfy Rule 7052 if they clearly show an appellate court the basis for the bankruptcy court's decision. See Bell v. AT&T, 946 F.2d 1507, 1510 (10th Cir. 1991). The bankruptcy court's findings do not have to be in a specific form,

4

Featherstone v. Barash, 345 F.2d 246, 250 (10th Cir. 1965); Okaw Drainage Dist. v. National Distillers and Chemical Corp., 882 F.2d 1241, 1244 (7th Cir. 1989), and need not be detailed.[2] Colorado Flying Academy, 724 F.2d at 878. A court may satisfy the requirement that facts be found specially by orally pronouncing its findings of fact and conclusions of law from the bench. See Chandler v. City of Dallas, 958 F.2d 85, 89 (5th Cir. 1992); Okaw Drainage Dist., 882 F.2d at 1244.

As stated above, Valley failed to raise the issue of commercial reasonableness at the proof of claim hearing and before the district court. We will not address it now. Secondly, as BTS aptly points out, the bankruptcy court's erroneous incorporation by reference is an obvious scrivener's error. Although the bankruptcy court stated that it was considering the evidence contained in "the Court's Order of August 30, 1996" (which did not exist), the record clearly shows that it intended to incorporate by reference evidence presented at a hearing on August 29, 1995. Finally, the bankruptcy court's order, although brief, provides sufficient detail for this court to understand the basis of its ruling. The references in the court's order to the prior hearings in which it accepted evidence regarding value and the information contained in the May 31, 1997, order sufficiently

---

[2] "Although there must be sufficient record evidence to support the findings, they need not state the evidence or any of the reasoning upon the evidence, nor assert the negative of rejected propositions. Rather, the judge need only make brief, definite, peritnent findings and conclusions upon contested matters; there is no necessity for overelaboration of detail or particularization of facts." Stock Equipment Co. v. TVA, 906 F.2d 583, 592 (11th Cir. 1990).

demonstrate how the bankruptcy court reached its conclusion.

III.

Valley argues that the bankruptcy court's valuation of the flight simulator was clearly erroneous. We review the bankruptcy court's factual finding that the simulator had a fair market value of $910,000 for clear error. See In re Craddock, 149 F.3d 1249, 1255 (10th Cir. 1998). "A factual finding is clearly erroneous when, although there is some evidence to support it, upon review of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made." Id. at 1256. In determining whether a factual finding is clearly erroneous, we view the facts in a light most favorable to the trial court's determination and leave the "credibility of the witnesses and the weight to be given the evidence, together with the inferences, deductions and conclusions to be drawn from the evidence" to the sound discretion of the trial judge. United States v. McKneely, 6 F.3d 1447, 1452-53 (10th Cir. 1993).

The parties presented numerous exhibits and several witnesses' testimony to the bankruptcy court relating to the market value of the flight simulator. The values presented ranged from $170,000 to $2.5 million and contained many figures in between. The bankruptcy court weighed the conflicting evidence and valued the simulator at $910,000. Considering the wide range of values presented and viewing the evidence in a light most favorable to the bankruptcy court's finding, we are not left with a definite and

6

firm conviction that the court made a mistake. Accordingly, we conclude the bankruptcy court's determination that the flight simulator had a market value of $910,000 was not clearly erroneous.

IV.

Admitting that it failed to object to its admission at trial, Valley next argues that the bankruptcy court erred by admitting and considering hearsay evidence on the value of the flight simulator. Valley asserts that because the bankruptcy court overruled the same objection at a hearing approximately one year prior, further objection would have been futile. Therefore, Valley contends that no further objection was necessary to preserve the error.

In McEwen v. City of Norman, 926 F.2d 1545 (10th Cir. 1991), we addressed an issue similar to the one presented here. In that case, Plaintiff filed a motion in limine seeking to exclude certain evidence, which the trial court denied. Id. at 1544. Believing the issue was preserved for appeal, the plaintiff made no objection when the defendant offered the evidence at trial. Id. On appeal, we refused to consider the issue. We held that in order for an issue to be preserved for appeal, a party must interpose a contemporaneous trial objection so that the trial court may "entertain reconsideration in light of the actual trial testimony and the surrounding circumstances developed at trial." Id.

Approximately one year before trial, Valley objected to the admission of the

7

hearsay letters. At the proof of claim hearing, BTS offered the letters into evidence. Valley did not object. The issue did not surface again until Valley appealed the bankruptcy court's determination of value to the district court. In order to preserve the hearsay issue for appeal, Valley had to object when BTS offered the evidence at the proof of claim hearing. Id. Valley clearly made no such objection, and as a result we decline to review the issue on appeal.[3]

V.

The Bankruptcy Code provides a mechanism for creditors to recover reasonable attorney's fees incurred in pursuing a secured claim. See 11 U.S.C. § 503. Valley complains that the bankruptcy court erroneously reduced its claim for attorney's fees when the amount of such fees "was not a part of the pre-trial order and was the subject of no evidence." The thrust of this claim is that the bankruptcy court was required to hold a separate hearing on or give specific notice that it was going to consider whether the amount of attorney's fees Valley requested was reasonable. We review the bankruptcy court's award of attorney's fees for abuse of discretion. Daleske v. Fairfield

---

[3] Although neither party urges us to apply it, this circuit recognizes a narrow plain error exception to the rule that a party must contemporaneously object to evidence at trial in order the preserve the error for appeal. "We have applied this exception rarely, and only in the interest of justice." Melton v. City of Oklahoma City, 879 F.2d 706, 718 n.5 (10th Cir. 1989) (internal quotations omitted). Valley had ample opportunity to object to the letters when BTS introduced them at the proof of claim hearing. We discern nothing from the record or Valley's brief suggesting that Valley was unduly prejudiced by the letters' admission. Accordingly, we decline to review for plain error.

8

Communities, Inc., 17 F.3d 321, 323 (10th Cir. 1994).

In its amended proof of claim, Valley requested $120,044 in pre-bankruptcy attorney's fees. The bankruptcy court, in its pre-trial order, defined the issues for the proof of claim hearing as: (1) the reasonableness of the costs and expenses claimed by Valley National Bank associated with maintenance and upkeep of the 727 Flight Simulator; and (2) the value of the 727 Flight Simulator. After resolving the factual issues listed in the pre-trial order, the bankruptcy court, acting *sua sponte*,[4] reduced Valley's attorney's fees claim to $55,000 on the basis that the requested fees were incurred because Valley had been overly combative. Valley contends that no evidence supported the bankruptcy court's finding and that the court could not make such a finding without holding a separate hearing.

The bankruptcy court presided over the instant dispute for more than two years and entered more than forty orders in connection with it. Taking into account the nature of the proceedings and Valley's lack of cooperativeness, the bankruptcy court exercised its discretion and determined that $55,000 represented a reasonable amount of attorney's

---

[4] Valley's brief also seems to embrace the notion that the bankruptcy court's action was improper absent objection from the trustee, BTS, or another interested party. The Third Circuit and a district court within this circuit have flatly rejected this proposition. In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994). In re Cascade Oil Co., 126 B.R. 99, 106 (D. Kan. 1991).

9

fees.  The bankruptcy court did not err by not holding a separate hearing on whether the fees were reasonable, e.g., In re Thirteen Appeals, 56 F.3d 295, 301 (1st Cir. 1995), and did not abuse its discretion by reducing Valley's attorney's fees claim to $55,000.  See In re Martin, 817 F.2d 175, 182 (1st Cir. 1987) ("The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which [a discretionary] decision entails.").

For the foregoing reasons the district court's judgment is AFFIRMED.  The parties' motions to supplement the record are GRANTED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge